IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ISRAEL BARRETERO, #191814 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv441 |
| WILLIAM JOHNSON, ET AL. | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Israel Barretero, a prisoner confined at the Telford Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court previously issued an order, (Dkt. #11), regarding Plaintiff's responsibility and obligation to effect service upon the Defendants pursuant to Federal Rule of Civil Procedure 4. The order explained the time limit for service and extended the deadline for 90 days—also warning Plaintiff that the failure to comply with Rule 4(m) may result in the dismissal of the lawsuit. A review of the docket demonstrates that Plaintiff received a copy of this order on September 7, 2022, (Dkt. #12). However, to date, the docket reflects that Plaintiff has not served the Defendants and therefore has not complied with the order.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power

1

to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Barretero failed to comply with the orders directing him to effect service within 90 days from the date of the order, (Dkt. #11). The docket fails to contain any evidence that Plaintiff attempted to effect service on the Defendants. Accordingly, he failed to comply with an order of the Court.

Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice. In accordance with *Campbell v. Wilkinson*, the Court recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE